UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI MARIE LEBUS, | No. 2:14-cv-02165-MCE-AC |
| Plaintiff, | |
| v. | **ORDER** |
| S.B.S TRUST NETWORK, et. al., | |
| Defendants. | |

On September 18, 2014, Plaintiff / Debtor Naomi Marie LeBus ("Plaintiff") filed a Motion to Withdraw Reference ("Motion"). ECF No. 1. Although she was represented by William Francis Abbott in the Adversary Proceeding before the Bankruptcy Court, Plaintiff filed the Motion Pro Se. See id.[1] Thereafter, this Court stayed Plaintiff's action in the District Court pending resolution of Plaintiff's Motion to Substitute Attorney before the U.S. Bankruptcy Court for the Eastern District of California in Adversary Proceeding #: 14-02049. See ECF No. 2. On October 15, 2014, the Bankruptcy Court authorized Plaintiff's counsel, William F. Abbott, to withdraw, and substituted Naomi LeBus as representing herself in propria persona. See ECF No. 69, 2:14-ap-2049. Therefore, the stay in this matter is LIFTED.

---

[1] A review of the docket of the Adversary Proceeding indicated that, on the same day that Plaintiff filed her Motion, Plaintiff also filed a Motion/Application to Substitute Attorney (ECF No. 46, 2:14-ap-2049) in which she seeks to remove William F. Abbott and to proceed Pro Se.

1

1    Withdrawal of the reference of an adversary proceeding from bankruptcy court is
2    governed by 28 U.S.C. § 157(d), which provides that:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d).  Withdrawal of the reference is mandatory if "resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d); see Security Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997).  A district court may also permissively withdraw "any case or proceeding referred [to the bankruptcy court] on its motion or on timely motion of a party, for cause shown." 28 U.S.C. § 157(d).

Plaintiff fails to set forth any cause or rationale for withdrawal of the reference in her motion.  In fact, Plaintiff's Motion, states, in full:

> Comes NOW Naomi LeBus, one of the People, Pursuant to 28 U.S.C. § 157(k), Federal Rule of Bankruptcy Procedure 5011(a), and Rule 5011-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of California, Naomi Marie LeBus ('Plaintiff'), hereby moves to (1) withdraw the reference of the entire above captioned adversary proceeding (the "Adversary Proceeding) and all documents and requests for discovery filed therein, which is currently pending before the U.S. Bankruptcy Court for the Eastern District of California (the "Bankruptcy Court"); and (2) set dates for a pre-trial conference and jury trial before the U.S. District Court for the Eastern District of California (the "District Court") so that this case may proceed apace.

Mot., ECF No. 1 at 2-3.[2]  Having neither shown cause for permissive withdraw or demonstrated that mandatory withdrawal is warranted, Plaintiff's Motion to withdraw the

---

[2] Plaintiff also attached a "Notice of Lis Pendens and Notice of Action Pending" (ECF No. 1 at 4-5); however, this document also fails to set forth cause for withdrawal.

2

1  reference (ECF No. 1) is DENIED without prejudice to filing an amended motion setting
2  for the rationale for withdrawal of the reference.  <u>See</u> 28 U.S.C. § 157(d).  This matter is
3  therefore remanded to the Bankruptcy Court and all further proceedings in this adversary
4  action, if any are warranted, shall be held before that court.  In addition, to the extent that
5  Plaintiff's counsel has appeared in this action before the District Court, pursuant to the
6  Bankruptcy Court's October 15, 2014, Order (ECF No. 69, 2:14-ap-2049), William F.
7  Abbott, is RELIEVED as counsel for Plaintiff Naomi Marie LeBus and Plaintiff Naomi
8  Marie LeBus is SUBSTITUTED in pro per in this matter.  The Clerk of the Court is
9  DIRECTED to serve this Order on Plaintiff/Debtor Naomi Marie LeBus at P.O. Box 636,
10 Douglas City, CA 96024.
11     IT IS SO ORDERED.
12 Dated:  October 29, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT